IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL ARTHUR STRICKLIN, JR., ) | |
| ) | Civil Action No. 7:21cv00639 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SGT. K. LESTER, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Paul Arthur Stricklin, Jr., a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Sgt. K. Lester and the Roanoke City Jail ("Jail"). Stricklin seeks leave to proceed *in forma pauperis* with this action. Having reviewed Stricklin's request and complaint, the court grants his request to proceed *in forma pauperis* but concludes that Stricklin fails to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Stricklin alleges that the jail is "not properly taking p[re]cautions" against the "corona virus" in that "nothing is being cleaned, sprayed, or sanitized" and there is "no mask exchange." (ECF No. 1, at 3.) Stricklin claims that he has asked "many times" for the "proper supplies to clean the pod," but he has been ignored. (*Id.*) He states that inmates "eat 3 times a day on [u]nclean surfaces," and that they "cannot clean the phones, cells, tables, tablets, visitor screen, and other living areas." (*Id.*) He alleges that "[e]veryday the guards come to work and touch the tablets and doors and take[] the chance [of] sprea[ding] the virus." (*Id.*) Stricklin argues that the "unfair living conditions . . . could cause bodily harm or death." (*Id.*) As relief, Stricklin asks to "be released or transferred to another facility." (*Id.* at 2.)

By order entered March 7, 2022, the court advised Stricklin that his complaint failed to state a cognizable claim against either of the named defendants and directed him to file an amended complaint. (*See* ECF No. 10.) Stricklin did not respond to the court's order.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983 and Stricklin cannot maintain this action against the defendant Jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued . . . [under § 1983].").

The Eighth Amendment protects prisoners from cruel and unusual living conditions. To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). A violation of a prison policy does not support a constitutional claim. *See United States v. Caceres*, 440 U.S. 741, 752−55 (1979) (noting that allegations that officials have not followed their own policies or procedures, standing alone, do not amount to constitutional violations). Despite being given the opportunity to amend his complaint, Stricklin has not alleged sufficient facts for the court to determine that Sgt. Lester was deliberately indifferent to Stricklin's living conditions, or that he violated any other of Stricklin's federal rights. In fact, Stricklin fails to make any allegations against Sgt. Lester and only names him in the caption of the complaint.

- 3 -

Accordingly, the court will dismiss this action under § 1915(e)(2)(B)(ii) for failure to state a claim.

The clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Stricklin.

**ENTERED** this 5th day of April, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE